UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEATRICK MARSHALL,

                                    Plaintiff,              Case # 17-CV-6870-FPG

v.

                                                            DECISION AND ORDER

C.O. P. MASTRANTONIO,

                                    Defendant.

## INTRODUCTION

On May 8, 2019, pro se Plaintiff Deatrick Marshall wrote a letter to the Court that it

interprets as a motion to vacate the settlement agreement and reopen this case under Federal Rule

of Civil Procedure 60(b), which governs relief from a court judgment or order.[1] ECF No. 33. For

the reasons that follow, his motion is denied.

## BACKGROUND

Plaintiff brought this case against Defendant for alleged violations of his civil rights

pursuant to 42 U.S.C. § 1983 while he was an inmate at Southport Correctional Facility. ECF No.

1. On March 18, 2019, the Court held a status conference with the parties during which it

scheduled a trial and directed Plaintiff to send Defendant a settlement demand. ECF No. 27. On

March 20, Plaintiff demanded $7,000-8,000. ECF No. 36 at 3. On April 4, Defendant offered

Plaintiff $1,000 to settle this case and sent him a stipulation for his signature. *Id.*

At the pretrial conference on April 22, Plaintiff indicated that he would settle this case for

$1,400. ECF No. 31; ECF No. 36 at 1. Defendant's attorney, Assistant Attorney General Gary

---

[1] *See, e.g.*, *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007) ("Because [the plaintiff]'s case had already been closed, the district court did not abuse its discretion in construing her [motion to vacate and set aside a settlement] as a Rule 60(b) motion."); *Rispler v. Spitz*, 377 F. App'x 111, 112 (2d Cir. 2010) (summary order) ("[T]he district court did not abuse its discretion in construing [the plaintiff]'s letter to the court as a motion under Rule 60(b) to vacate the agreement.").

M. Levine, indicated that he would seek approval for that amount and get back to Plaintiff. *Id.*

The next day, on April 23, Mr. Levine wrote to Plaintiff and advised him that Defendant would

settle for $1,400, and sent a stipulation that was identical to the one sent on April 4, except for the

updated dollar amount. ECF No. 36 at 1, 4.

On April 29, the parties appeared before the Court and indicated that the matter had settled;

specifically, Plaintiff reported that he signed and mailed the stipulation of discontinuance to

Defendant. ECF No. 32; ECF No. 36 at 1. It appears that Plaintiff signed the stipulation sent to

him on April 4, not the one sent to him on April 23, because he indicated that he manually updated

the dollar amount by replacing "$1,000" with "$1,400" before signing it and sending it to

Defendant. On May 2, Mr. Levine received the stipulation from Plaintiff and signed it. ECF No.

36 at 1.

The next day, Mr. Levine sent the executed stipulation, which was three pages long, to the

Court for approval. *Id.* at 1-2. Because Plaintiff had crossed out the original dollar amount on the

first page of that stipulation, Mr. Levine also sent the Court a revised first page that contained the

correct settlement amount. *Id.* The Court endorsed the stipulation with the corrected settlement

amount on May 7, and the Clerk of Court filed it the next day. ECF No. 33.

In the meantime, on May 6, Mr. Levine received the second stipulation that he sent Plaintiff

on April 23, which Plaintiff had signed on April 29. ECF No. 36 at 2, 5-7. In the second

stipulation—but not in the first stipulation, which was identical to the second stipulation except

for the dollar amount—Plaintiff crossed out language that reads: "including but not limited to those

arising out of the events alleged which are the subject matter of this entire litigation." *Id.* at 2, 6.

In a letter dated May 8 that the Court received on May 13, Plaintiff indicated that he "drew

a line through" language that he did not agree to, and that he agreed to settle this federal lawsuit

and "not the one that [he] also ha[s] pending in the state court." ECF No. 34 at 1. Plaintiff stated that "if the state court matter would be included then this was not discussed between [the parties] and [he] would like to renegotiate this matter." *Id.*

On May 16, Mr. Levine responded to Plaintiff's letter by clarifying the above sequence of events. ECF No. 36. At 1-2. He explained that when he received the second stipulation he "did not see at the time" that Plaintiff had crossed out certain language. *Id.* at 2. Mr. Levine also stated that "[i]t is not clear what Plaintiff meant when he struck out the portion of the second stipulation," that "[t]he parties never discussed omitting this language," and that he considers the matter "settled pursuant to the stipulation signed by both parties and the Court." *Id.*

## DISCUSSION

Rule 60(b) authorizes a court to relieve a party from a final judgment; however, a court may grant relief under Rule 60(b) only in "extraordinary circumstances." *United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir. 1994) (citing *Ackermann v. United States*, 340 U.S. 193, 199-202 (1950)). Thus, a court "should only grant such a request when, without such relief, extreme hardship would result." *Pines v. Bruhn*, No. 98-CV-4263 (JG), 1999 WL 182671, at *1 (E.D.N.Y. Mar. 29, 1999) (citing *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)).

"A settlement agreement is a contract that is interpreted according to general principles of contract law." *Wells v. City of New York*, No. 16-CV-825 (KAM)(ST), 2019 WL 1270816, at *3 (E.D.N.Y. Mar. 18, 2019) (quoting *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007)). An executed settlement agreement is "binding and conclusive" and, in New York, such agreements are "strongly favored . . . and may not be lightly cast aside." *Id.* (citations omitted). Moreover, "it is an elementary principle of contract law that a party's subsequent change of heart will not

unmake a bargain already made." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 445 (2d Cir. 2005) (citation omitted).

Under these principles, "a court may vacate a stipulation of settlement only upon a showing of good cause, such as fraud, collusion, mistake, duress, lack of capacity, or where the agreement is unconscionable, contrary to public policy, or so ambiguous that it indicates by its terms that the parties did not reach agreement." *Rispler v. Spitz*, 377 F. App'x 111, 112 (2d Cir. 2010) (summary order) (citations omitted).

Plaintiff has not set forth facts to satisfy the above standards. Instead, it appears that Plaintiff had a subsequent change of heart, or perhaps failed to carefully read the settlement that he agreed to.[2] Courts have found this type of situation "insufficient to authorize withdrawal of a stipulation of settlement, even for a pro se litigant." *Curry v. New York City Police Dep't*, 726 F. Supp. 2d 273, 275 (S.D.N.Y. 2010); *see also Bank of New York*, 14 F.3d at 760 ("When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect."); *Pines v. Bruhn*, No. 98-CV-4263, 1999 WL 182671, at *2 (E.D.N.Y. Mar. 29, 1999) (denying pro se litigant's motion to vacate settlement because the court found the litigant "made this motion because he is simply dissatisfied, in retrospect, with the settlement to which he agreed"). "Rule 60 does not allow district courts to 'indulge a party's discontent over the effects of its bargain.'" *Pines*, 1999 WL 182671, at *2 (quoting *Kozlowski v. Coughlin*, 871 F.2d 241, 246 (2d Cir. 1989)).

---

[2] It is not clear that omitting the language that Plaintiff crossed out would provide him the relief he seeks. A different portion of the settlement, to which Plaintiff did not object, indicates that it "includes any pending Court of Claims actions relating to allegations of wrongful confinement in the Special Housing Unit at Shawangunk Correctional Facility in 2018." ECF No. 33 at 2. Presumably, this is the state court case that Plaintiff contends he did not agree to settle. The stipulation also contains language indicating that Plaintiff agreed to release Defendant and the New York State Department of Corrections and Community Supervision and its employees from "*any and all* liability or claims he may have." *Id.* (emphasis added).

Accordingly, for all the reasons stated, the Court finds that Plaintiff has not demonstrated the extraordinary circumstances required to vacate the settlement agreement and reopen this case, and therefore his motion (ECF No. 34) is DENIED.

## CONCLUSION

For the reasons stated, Plaintiff's Motion to Vacate the Settlement (ECF No. 34) is DENIED and this case remains closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct further requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: May 31, 2019
      Rochester, New York

                                       _____
                               HON. FRANK P. GERACI, JR.
                               Chief Judge
                               United States District Court